**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EDWARDLEE JOHNSON,** ) | **CASE NO. 1:16CV632** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| **CHRISTOPHER LAROSE, Warden,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Edwardlee Johnson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On August 6, 2012, the Cuyahoga County Grand Jury indicted Petitioner on five counts: one count of Aggravated Murder, one count of Murder, two counts of Felonious Assault and one count of Having Weapons Under Disability. The case proceeded to a jury trial on March 11, 2013. On March 15, 2013, the jury found Petitioner not guilty of Aggravated Murder, guilty of Murder and both counts of Felonious Assault with attached Specifications. On March 22, 2013, the trial court found Petitioner guilty of the prior-conviction and Repeat Violent-Offender Specifications and the Weapons Under Disability charge. On March 25, 2013 the trial court sentenced Petitioner to an aggregate sentence of twenty-five years to life in prison.

Petitioner filed an appeal to the Eighth District Court of Appeals. On June 19, 2014, the Court of Appeals affirmed the trial court's judgment. Petitioner filed a Motion for Reconsideration. The Court of Appeals denied the Motion on July 22, 2014. Petitioner appealed to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction over the Appeal on February 18, 2015.

Petitioner filed the instant Petition on March 14, 2016, asserting four grounds for relief, but withdrew Ground One in his Objections. The remaining three grounds are:

> **GROUND TWO:** [T]he repeated acts of misconduct by the prosecutor in the presence of the jury went virtually unchecked by the trial court. The remarks did mislead the jury. The remarks were extensive. The improper comments were made during the closing rebuttal after defense had opportunity to addres [sic] them. The repeated and purposeful acts here require a new trial.
>
> **GROUND THREE:** Trial counsel was ineffective in . . . fail[ing] to object to inadmissable [sic] evidence, . . . failing to object to the jury instructions on flight[,] . . . [and]failing to object to State's closing argument[,] .
>
> **GROUND FOUR:** The combination of errors by the trial court, the prosecution and the ineffectiveness of the defense counsel deprived

Johnson of a fair trial.

On March 17, 2016, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on November 15, 2017. On November 27, 2017 Petitioner filed an Objection to the Magistrate's Report and Recommendation. On December 18, 2017, Respondent filed a Response to Objections.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of

3

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground Two, Petitioner alleges that the prosecutor altered, manipulated and improperly used Petitioner's cellular telephone records during his closing argument. The Court of Appeals reviewed this claim on appeal, finding that the prosecutor's actions may have been questionable but Petitioner did not show how it affected the outcome of his case. Petitioner claimed that the prosecutor used the phone records to show Petitioner's movement on a map of cell towers, thus implying that Petitioner was lying in wait for the victim. However, the Court of Appeals found that since Petitioner was found not guilty of premeditated Murder, any inference was harmless. The Court agrees.

The Magistrate Judge points out that the Supreme Court set forth the standard for claims of prosecutorial misconduct in habeas proceedings in *Darden v. Wainwright*, 477 U.S. 168 (1986). It held that to prevail on such claims, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Id*. at 181 (internal quotation marks and citation omitted). Rather, "'[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).

The Court agrees Petitioner cannot show that the prosecutor's use of the cell phone records were harmful to his case. The Magistrate Judge is correct that

4

Petitioner has not shown how the Court of Appeals finding was unreasonable. The prosecutor's use of the cell phone records clearly had no affect on the jury verdict as shown by the finding of not guilty on the Aggravated Murder charge. The Court finds that the Court of Appeals decision was not contrary to, or an unreasonable application of *Darden,* or any other Supreme Court precedent. Ground Two is without merit and denied.

In Ground Three, Petitioner argues ineffective assistance of counsel. Petitioner asserts that counsel failed to object to testimony, a jury instruction and the state's closing argument. The Court of Appeals addressed this claim and found that Petitioner failed to show that he was prejudiced or that the result of the trial would have been different.

To make out an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

5

*Id.* at 687.

In the Report and Recommendation, the Magistrate Judge reiterated the Sixth Circuit's explanation as to counsel's duty to object at trial:

> Because of the "numerous potentially objectionable events" that occur throughout trial, we have previously noted that "any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial to a client that failure to object essentially defaults the case to the state. Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice."

*Hodge v. Haeberlin*, 579 F.3d 627, 648 (6th Cir. 2009) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006)).

The Magistrate Judge addressed Petitioner's first issue challenging the Court of Appeals' finding regarding the testimony. The Court of Appeals found that the testimony in question was admissible under state evidentiary rules. The Magistrate Judge determined that the Court of Appeal's is correct and must receive deference. The Court agrees, therefore, counsel is not ineffective for failing to make a baseless objection.

In addressing Petitioner's second issue, the Court of Appeals found that the trial court erred in giving the jury instruction on flight, but that the error was harmless. Again, the Magistrate Judge correctly determined that jury instructions are generally issues of state law and must receive deference. *See, e.g., Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990) (finding state court's conclusion that jury instruction was unwarranted was "axiomatically correct, as a matter or state law[,]" as "the circumstances that would induce a federal court to overturn the state court

6

determination would need to be extraordinary, indeed"). Again, counsel's failure to object to a jury instruction that did not harm Petitioner cannot show ineffective assistance.

In addressing Petitioner's third issue, that counsel was ineffective for failing to object to the use of the cell phone records in closing arguments, the Court finds it is without merit. As discussed above, the Court of Appeals found the prosecutor's conduct harmless, as Petitioner was found not guilty of premeditated murder. Thus, Petitioner cannot show that counsel's performance prejudiced his defense. Therefore, Petitioner's claim of ineffective assistance of counsel is denied.

In Ground Four, Petitioner asserts that the cumulative effect of the errors violated his due process rights. The Sixth Circuit has held, however, that "the law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue." *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *see also Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011). Therefore, Ground Four is dismissed as failing to state a claim that is cognizable on federal habeas review.

In Petitioner's Objections, previous arguments are repeated and summarized, but Petitioner does not provide the Court with any outline of clear errors or mistakes. Respondent's Response to the Objections correctly asserts that federal habeas corpus relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *citing Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on

7

habeas review.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)(per curiam);  *Estelle*, 502 U.S. at 67-68.  The Court finds no state court decision in this case that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:1/24/2018

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**